1  Zheng "Andy" Liu (SBN: 279327)
2  Jingyi Guo (SBN: 335448)
   *Aptum Law*
3  1660 South Amphlett Blvd. Suite 315
   San Mateo, CA 94402
4  Tel.: (650) 475-6289
   Fax: (510) 987-8411
5  Email: Andy.Liu@AptumLaw.us
   *Attorneys for Defendant Particle Media*
6  *Inc.*

7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10                SAN FRANCISCO DIVISION

11

12

13  A. ARTHUR FISHER,                    Case No.: 3:21-cv-08263-VC

14        Plaintiff                      **DEFENDANT PARTICLE MEDIA, INC.'S**

15     v.                                **NOTICE OF MOTION TO SET ASIDE**

16  PARTICLE MEDIA, INC. dba NEWS        **ENTRY OF DEFAULT UNDER RULE 60**
    BREAK
17
                                         The Honorable Vince Chhabria
18        Defendant
19                                       Courtroom: 4

20                                       Date: February 24, 2022

21                                       Time: 10:00 a.m.

22

23

24

25

26

27

28

**DEFENDANT PARTICLE MEDIA, INC.'S MOTION AND NOTICE OF MOTION TO SET ASIDE**
**ENTRY OF DEFAULT UNDER RULE 60**

**DEFENDANT PARTICLE MEDIA, INC.'S NOTICE OF MOTION TO SET ASIDE ENTRY OF DEFAULT UNDER RULE 60**

PLEASE TAKE NOTICE THAT on February 24, 2022 at 10:00 a.m. before the Honorable Vince Chhabria at San Francisco Courthouse, Courtroom 4, 17th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant Particle Media Inc. will and hereby does move the Court for an order to set aside a default entered as a result of *numerous procedural irregularities* for at least the following reasons:

i. this case was not reassigned to any District Judge until an entire month had passed after Plaintiff declined magistrate jurisdiction;

ii. while Defendant was waiting for the case reassignment to complete, which was *necessary* for Defendant to notice a Rule 12 motion before the right District Judge, Plaintiff filed a "MOTION for Default Judgment by the Clerk," which was (Defendant believes, incorrectly) converted by the clerk into a request for default;

iii. in less than 24 hours after this case was reassigned to this Court, a default was entered against Defendant, leaving Defendant no time to properly notice the Rule 12 motion before this Court; and

iv. Plaintiff declined to stipulate to vacate the default and next improperly noticed a motion for default judgment in violation of Civil Local Rule 7-2 and paragraph 39 of this Court's Standing Order for Civil Cases, despite Defendant's efforts to meet and confer and to resolve the procedural irregularities and the case as a whole.

Defendant's motion is based on this Notice, the Memorandum of Points and Authorities, the attached exhibits, the declaration of Mr. Zheng Liu, the Court's files and records in this action, Plaintiff's complaint, and such other written or oral argument as may be presented at or before the time this motion is taken under submission by the Court.

Dated:  December 31, 2021                              Respectfully submitted,


By  _____
                    Zheng "Andy" Liu (SBN 279327)
                    *Attorney for Defendant Particle Media Inc.*

**DEFENDANT PARTICLE MEDIA, INC.'S MOTION AND NOTICE OF MOTION TO SET ASIDE ENTRY OF DEFAULT UNDER RULE 60**

Zheng "Andy" Liu (SBN: 279327)
Jingyi Guo (SBN: 335448)
*Aptum Law*
1660 South Amphlett Blvd. Suite 315
San Mateo, CA 94402
Tel.: (650) 475-6289
Fax: (510) 987-8411
Email: Andy.Liu@AptumLaw.us
*Attorneys for Defendant Particle Media Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| A. ARTHUR FISHER,<br><br>        Plaintiff<br><br>    v.<br><br>PARTICLE MEDIA, INC. dba NEWS BREAK<br><br>        Defendant | Case No.: 3:21-cv-08263-VC<br><br>**DEFENDANT PARTICLE MEDIA, INC.'S MOTION TO SET ASIDE ENTRY OF DEFAULT UNDER RULE 60**<br><br>The Honorable Vince Chhabria<br><br>Courtroom: 4<br><br>Date: February 24, 2022<br><br>Time: 10:00 a.m. |

**DEFENDANT PARTICLE MEDIA, INC.'S MOTION AND NOTICE OF MOTION TO SET ASIDE
ENTRY OF DEFAULT UNDER RULE 60**

# TABLE OF CONTENT

**ISSUES TO BE DECIDED** ........................................................1

**MEMORANDUM OF POINTS AND AUTHORITIES** .........................................1

    A.    LEGAL STANDARD ........................................................7

    B.    STATEMENT OF FACTS ....................................................1

        1.    Background about Plaintiff's copyright enforcement business 1

        2.    History of this dispute.............................................2

        3.    Procedural irregularities that resulted in Defendant's default ..3

        4.    Plaintiff declined to stipulate to vacate the default and Defendant moves to vacate the default after exhausting efforts to reach a settlement ...............................................6

    C.    ARGUMENT ...............................................................7

        1.    The default should be set aside because Defendant as not willful or culpable.................................................8

        2.    The default should be set aside because Plaintiff suffered no prejudice ..............................................................11

        3.    The default should be set aside because Defendant has a meritorious defense.............................................12

            a)    Defendant has a meritorious defense to Plaintiff's copyright infringement claims, because Plaintiff is not the copyright owner and thus lacks standing to sue ...13

            b)    Defendant has a meritorious defense to Plaintiff's removal of copyright management information claim ...................................................14

    D.    CONCLUSION................................................................15

**DEFENDANT PARTICLE MEDIA, INC.'S MOTION AND NOTICE OF MOTION TO SET ASIDE ENTRY OF DEFAULT UNDER RULE 60**

# TABLE OF AUTHORITIES

**Cases**

*Alan Neuman Prods., Inc. v. Albright,*

    862 F.2d 1388 (9th Cir. 1988) ............................................................................. 9

*American Alliance Ins. Co. v. Eagle Ins. Co.,*

    92 F.3d 57 (2nd Cir. 1996) ................................................................................. 9

*Bateman v. United States Postal Service,*

    231 F.3d 1220 (9th Cir. 2000) ........................................................................... 9

*Briones v. Riviera Hotel & Casino,*

    116 F.3d 379 (9th Cir. 1997) ............................................................................. 9

*Chrome Hearts, LLC v. Boutique Talulah,*

    Case No. 2:12-cv-00280-MMD-RJJ, 2012 U.S. Dist. LEXIS 140120, 2012 WL 4510692,

    at *3 (D. Nev. Sept. 28, 2012) ......................................................................... 10

*Egelhoff v. Egelhoff ex rel. Breiner,*

    532 U.S. 141 (2001) ......................................................................................... 11

*Fahmy v. Jay-Z,*

    908 F.3d 383 (9th Cir. 2018) ........................................................................... 13

*Falk v. Allen,*

    739 F.2d 461 (9th Cir. 1984) (per curiam) .............................................. 7, 8, 12

*Hawaii Carpenters' Trust Funds v. Stone,*

    794 F.2d 508 (9th Cir., 1986) ............................................................................ 8

*In re Stone,*

    588 F.2d 1316 (10th Cir. 1978) ...................................................................... 12

*Meadows v. Dominican Republic,*

    817 F.2d 517 (9th Cir., 1987) ............................................................................ 8

*Mendoza v. Wight Vineyard Management,*

    783 F.2d 941 (9th Cir. 1986) ....................................................................... 8, 13

*O'Connor v. Nevada,*

    27 F.3d 357 (9th Cir. 1994) .................................................................. 8

*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,*

    507 U.S. 380 (1993) ............................................................................. 9

*TCI Grp. Life Ins. Plan v. Knoebber,*

    244 F.3d 691 (9th Cir. 2001) ...................................................... 11, 12

*Yubran S. Mesle,*

    615 F.3d 1085 (9th Cir. 2010) ...................................................... 9, 10

**Statutes**

17 U.S.C. § 101 ............................................................................................ 13

17 U.S.C. § 106 ............................................................................................ 13

17 U.S.C. § 1202 .......................................................................................... 14

17 U.S.C. § 204 ............................................................................................ 14

17 U.S.C. § 50.............................................................................................. 1

17 U.S.C. § 501(b) ....................................................................................... 13

**Rules**

Fed. R. Civ. P. 60.............................................................................. 1, 7, 8

**DEFENDANT PARTICLE MEDIA, INC.'S MOTION AND NOTICE OF MOTION TO SET ASIDE ENTRY OF DEFAULT UNDER RULE 60**

## MEMORANDUM OF POINTS AND AUTHORITIES

### A. ISSUES TO BE DECIDED

Should the entry of default in this case be set aside for good cause due to "mistake, inadvertence, surprise, or excusable neglect" under Fed. R. Civ. P. 60 due to **numerous procedural irregularities**, when (A) this case was not reassigned to any District Judge until an entire month had passed after Plaintiff declined magistrate jurisdiction; (B) while Defendant was waiting for the case reassignment to finish to notice a Rule 12 motion before the right District Judge; and (C) in less than 24 hours after this case was reassigned to this Court, a default was entered by the clerk against Defendant.

### B.    STATEMENT OF FACTS

#### 1.    Background about Plaintiff's copyright enforcement business

Plaintiff Mr. A. Arthur Fisher specializes in demanding pre-suit settlements and filing copyright infringement actions under the threat of statutory damage based on highly technical allegations of Copyright Act violations. Declaration of Zheng Liu ("Liu Decl.") ¶ 2. Plaintiff demands about $30,000 for a single, innocent display of any photo he allegedly owns, while the statutory damage can be as low as $750. *Id.*, ¶ 3; *see* 17 U.S.C. § 50.

Mr. Fisher sues primarily small- and mid-size companies, initially in the Central District of California but has also began filing in this District early this year. Liu Decl., ¶ 4. To exact settlements, Plaintiff and his counsels often resort to such questionable tactics as (A) making generic accusations of removal of copyright management information for the sole sake of gaining greater settlement leverage and (B) seeking default and default judgement against unsuspecting small businesses and their owners. *Id.*, ¶ 5; *see e.g.*, *A. Arthur Fisher v. 2GreenEnergy, LLC et. al.* (case no. 2:21-CV-00267 in the Central District of California); *Alexander Bayonne Stross v. Red Blue Media, Inc.* (case no. 2:21-cv-04392 in

1

the Central District of California); *Redux Pictures v. The Wrap News Inc.* (case no. 22:21-cv-04637 in the Central District of California); *Scott Serio v. Pechanga Casino and Resort* (case no. 2:21-cv-04392 in the Central District of California) (collectively, the "copyright enforcement cases"). In the past 12 months or so, Plaintiff's counsels filed at least 937 copyright enforcement cases around the country. *Id.*, ¶ 6; *see* Liu Decl.,**Exhibit A**.

### 2.    History of this dispute

This case, more specifically, reflects a lengthy negotiation and numerous settlement attempts between the parties. *Id.*, ¶ 7.

On or about November 20, 2020, Plaintiff's counsel in Kennesaw, Georgia (Mr. Jason Aquilino at Aquilino Law, https://aqulaw.com/, the "Georgia Counsel") sent a template cease-and-desist letter to Defendant asking for an unspecified damage, because Defendant allegedly displayed a single photo taken by Plaintiff. *Id.*, ¶ 8.

After receiving the cease-and-desist letter, Defendant—on the same day—removed the single photo in question from its website. Unfortunately, the sage did not end there. *Id.*, ¶ 9. Despite the prompt removal of the photo in question, Plaintiff's Georgia Counsel insisted that Plaintiff had suffered significant, irreparable damages. *Id.*, ¶ 10. Plaintiff's Georgia Counsel demanded over $10,000 through a series of post-removal demand letters. *Id.*, ¶ 11.

After numerous settlement discussions, in or about May 2021, the parties almost reached an agreement after exchanging several drafts of a settlement agreement[1]. *Id.*, ¶ 12. Plaintiff agreed to much of Defendant's proposed settlement agreement but counter-offered a different financial term. Defendant replied, but Plaintiff never responded. *Id.*, ¶ 13.

---

[1] To protect the parties' confidentiality and to preserve the chance of a potential amicable resolution in this case, Defendant has not attached this draft settlement agreement to this motion, nor does Defendant reveal the exact financial terms the parties almost agreed on.

**DEFENDANT PARTICLE MEDIA, INC.'S MOTION AND NOTICE OF MOTION TO SET ASIDE ENTRY OF DEFAULT UNDER RULE 60**

Six months later, in or about November 2021, Plaintiff, through the current counsel in Los Angeles, California (Mr. Jonah A. Grossbardt at SRIPLAW, https://www.sriplaw.com/, the "Los Angeles Counsel"), suddenly filed this lawsuit. After Plaintiff filed suit, Defendant again reached out to both Plaintiff's California Counsel and Georgia Counsel for an amicable resolution. *Id.*, ⁋ 14.

On or about November 2, 2021, to notify the Court and Plaintiff that Defendant was appearing in this case, Defendant filed its notices of appearance. *See* ECF 10-11. After filing its notices of appearance, Defendant continued to engage Plaintiff and its counsels in settlement discussions. Liu Decl., ⁋ 15; *see* also Liu Decl., **Exhibit B**. Through several settlement calls, Defendant and Plaintiff cleared a few roadblocks for settlement. Liu Decl., ⁋ 16.

### 3.    Procedural irregularities that resulted in Defendant's default

To facilitate a settlement, the parties agreed on a number of extensions for Defendant to file a responsive pleading. *See* Liu Decl.,**Exhibit C.** The parties understood that a responsive pleading might be avoided if the parties could reach a settlement quickly; towards the end, Defendant also requested an extension because the undersigned counsel suffered a food poisoning and was out of the office for several days. Defendant remains grateful to Plaintiff and their counsels for their courtesy in this regard. Liu Decl., ⁋ 17.

Towards the end of the settlement discussion, because Plaintiff insisted on a demand that was four times as much as what it was before, Defendant decided to file a motion to dismiss and notified Plaintiff of this intention. *Id.*, ⁋ 18. Defendant felt that it was extremely difficult to answer Plaintiff's generic copyright related allegations and would appreciate some factual specificities about, for example, why Plaintiff alleged that Defendant intentionally removed his copyright management information. *Id.*, ⁋ 19. The parties had, in

**DEFENDANT PARTICLE MEDIA, INC.'S MOTION AND NOTICE OF MOTION TO SET ASIDE ENTRY OF DEFAULT UNDER RULE 60**

fact, discussed this issue before; Plaintiff's Georgia Counsel appeared to agree that this Count was not called for. *Id.*, ⁋ 20; *see* Liu Decl., **Exhibit D**.

On or about November 3, 2021, after Defendant's counsels filed their notices of appearance (ECF 9-10), Plaintiff suddenly declined magistrate jurisdiction (ECF 12). Due to Plaintiff's declination of magistrate jurisdiction, this case should have been immediately reassigned from Magistrate Judge Alex G. Tse to a District Judge[2]. *Id.*, ⁋ 21.

For reasons unclear to Defendant, the case reassignment did not immediately occur, and the clerk did not immediately send a notice of case reassignment. *Id.*, ⁋ 22. After waiting for a number of days for the clerk to reassign this case to a District Judge, Defendant's undersigned counsel called the clerk's office to inquire about the status of the case reassignment. *Id.*, ⁋ 23. Defendant's undersigned counsel was told that the case reassignment should have already begun, but for reasons unknown even to the clerk, it did not take place. Defendant's undersigned counsel was told that this appeared to be a system error and the reassignment should begin "shortly." *Id.*, ⁋ 24.

After waiting for another couple of days to no avail, on or about December 3, 2021, to "force start" the case reassignment process—so that Defendant can properly notice its motion to dismiss—Defendant filed its own magistrate consent/declination form. *See* ECF 15. This worked; on or about December 3, 2021, Defendant's filing finally triggered the case reassignment. *Id.*, ⁋ 25; s*ee* also ECF 16.

---

[2] Although Defendant had not filed its magistrate consent/declination form at that time, this would have made no different on the mandatory case reassignment: as long as one of the parties declines magistrate jurisdiction, a case would have to be reassigned to a district judge.

**DEFENDANT PARTICLE MEDIA, INC.'S MOTION AND NOTICE OF MOTION TO SET ASIDE ENTRY OF DEFAULT UNDER RULE 60**

1

2       While the case was being still reassigned, Plaintiff unexpectedly filed a "MOTION

3  for Default Judgment by the Clerk." *See* Liu Decl.; **Exhibit E** (docket entry in ECF 13, as

4  originally submitted by Plaintiff). Defendant immediately filed an opposition to Plaintiff's

5  "MOTION for Default Judgment by the Clerk." *Id.*, ¶ 26; s*ee* also ECF 14.

6       In her notice of case reassignment, the clerk stated that all matters in this case would

7  be reassigned to a District Judge and "ALL HEARING DATES PRESENTLY

8  SCHEDULED BEFORE THE CURRENT MAGISTRATE JUDGE ARE VACATED AND

9  SHOULD BE RE-NOTICED FOR HEARING BEFORE THE JUDGE TO WHOM THIS

10  CASE IS REASSIGNED." *Id.*, ¶ 27; s*ee* ECF 18.

11       Defendant believed that the clerk's Notice meant that (A) Plaintiff's "MOTION for

12  Default Judgment by the Clerk" would be re-noticed once a District Judge is assigned to this

13  case and that (B) Defendant should not notice any further motion before Magistrate Judge

14  Tse, because Magistrate Judge Tse was no longer assigned to this case. *Id.*, ¶ 28.

15       While Defendant was working on filing its own motion to dismiss, the clerk

16  suddenly converted the Plaintiff's "MOTION for Default Judgment by the Clerk" into a

17  "MOTION for Entry of Default by the Clerk as to filed by A. Arthur Fisher." *See* the docket

18  entry for "Electronic filing error" entered on December 3, 2021. *Id.*, ¶ 28.

19       On December 6, 2021, the clerk finally reassigned the case to this Court. See ECF

20  18. In less than 24 hours after this reassignment, while Defendant was in the process of

21  filing its Rule 12 motion, on December 7, 2021, the clerk suddenly entered default against

22  Defendant, cutting off the Defendant's right to file its planned Rule 12 motion. *Id.*, ¶ 30.

23       Defendant was completely stunned by these series of bizarre events. To reach an

24  amicable resolution, Defendant immediately reached out to Plaintiff's Georgia Counsel and

25

26

27

28

**DEFENDANT PARTICLE MEDIA, INC.'S MOTION AND NOTICE OF MOTION TO SET ASIDE
ENTRY OF DEFAULT UNDER RULE 6**0

Los Angeles Counsel to seek a possible stipulation to vacate the erroneously entered default. *Id.*, ⧙ 31.

### 4. Plaintiff declined to stipulate to vacate the default and Defendant moves to vacate the default after exhausting efforts to reach a settlement

On December 8, 2021, the undersigned counsel conducted a meet and confer call with Plaintiff's Georgia Counsel and Los Angeles Counsel. *Id.*, ⧙ 21. Plaintiff acknowledged that they initiate the case reassignment process and that there appeared to be some confusion as to why the case reassignment process took such an extremely long time. Plaintiff, however, refused to stipulate to vacate the erroneously entered default. Plaintiff, instead, insisted that Defendant should have filed an answer instead to avoid all these reassignment issues. At the end of this call, Plaintiff insisted that Defendant make an offer to settle before they would consider agreeing to vacate the default. *Id.*, ⧙ 33.

Trying to resolve the case, the undersigned counsel attempted to consult with the Defendant company regarding a potential settlement offer. *Id.*, ⧙ 34. Unfortunately, however, due to the unavailability of authorized representatives at the Defendant company during this December holiday time, after several attempts, the undersigned counsel remained unable to immediately obtain a settlement offer as demanded by Plaintiff. *Id.*, ⧙ 35. Even more unfortunately, the undersigned counsel himself suffered a personal illness and was sick for five days. *Id.*, ⧙ 36.

After the undersigned counsel recovered from his personal illness and still unable to obtain authorization for a settlement offer, on or about December 27,2021, the undersigned counsel was in the process of requesting a short extension from Plaintiff. *Id.*, ⧙ 37.

**DEFENDANT PARTICLE MEDIA, INC.'S MOTION AND NOTICE OF MOTION TO SET ASIDE ENTRY OF DEFAULT UNDER RULE 60**

1

2          Before Defendant's undersigned counsel could reach out to Plaintiff's Georgia

3    Counsel and Los Angeles Counsel, on December 28, 2021, Plaintiff moved for a default

4    judgement using almost identical boilerplate declarations and motion papers from the *A.*

5    *Arthur Fisher v. 2GreenEnergy, LLC* case (case no. 2:21-CV-00267) it filed in the Central

6    District of California); *see* Liu Decl.; **Exhibit F** (a true and correct copy of the identical

7    motion Plaintiff filed in the 2GreenEnergy case). *Id.*, ¶ 38.

8          Plaintiff appears to have file his motion for default judgment against Plaintiff in a

9    haste, misspelling this Court's name at multiple places and disregarding the page limit

10   imposed by this Court's Standing Order for Civil Cases. *Id.*, ¶ 39. Plaintiff's motion for

11   default judgement also appears to be made not in good faith, because Plaintiff's designated a

12   hearing date fewer than 30 days after filing his motion for default judgement, even though

13   (A) Civil Local Rule 7-2 requires that no motion be noticed for a hearing date that is at least

14   35 days after the motion is filed, (B) this Court's Standing Order requires that the final brief

15   for any motion should be filed at least 14 days prior to the hearing date, (C) the parties are

16   required to submit a joint case management conference statement *two days* after Plaintiff's

17   improperly noticed hearing date, and (D) a case management conference was to take place

18   *nine days* after Plaintiff's improperly notice hearing date. *Id.*, ¶ 40.

19

20   **C.      LEGAL STANDARD**

21         A "judgment by default is a drastic step appropriate only in extreme circumstances; a

22   case should, whenever possible, be decided on the merits." *Falk v. Allen*, 739 F.2d 461, 463

23   (9th Cir. 1984) (per curiam).

24         An entry of default may be set aside for good cause if the moving party shows

25   "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1) . The "good

26   cause" is essentially the same as that for setting aside a default judgment under Fed. R. Civ.

27

28

7

P. 60(b). *Hawaii Carpenters' Trust Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986) ("when considering a motion to set aside a default entry, the parallels between granting relief from a default entry and a default judgment encourage utilizing the list of grounds for relief provided in Rule 60(b)").

A court considers the following factors in determining whether to set aside an entry of default: (1) whether the moving party was willful or culpable in the default; (2) whether the non-moving party would be prejudiced if entry of default is set aside; and (3) whether the moving party has a meritorious defense. *Falk*, supra, 739 F.2d at 463; *see Meadows v. Dominican Republic*, 817 F.2d 517, 521 (9th Cir. 1987); *O'Connor v. Nevada*, 27 F.3d 357, 364 (9th Cir. 1994).

The standards for setting aside an entry of default are ***less rigorous*** than those for setting aside default judgment. *Mendoza v. Wight Vineyard Management*, 783 F.2d 941, 945-46 (9th Cir. 1986) ("Where timely relief is sought from a default . . . and the movant has a meritorious defense, ***doubt, if any, should be resolved in favor of the motion to set aside*** the [default] so that cases may be decided on their merits.") "The court's discretion is especially broad where, as here, it is entry of default that is being set aside, rather than a default judgment." *Id.*, at 945.

## D.    ARGUMENT

### 1.    The default should be set aside because Defendant as not willful or culpable

The Ninth Circuit has held that what Rule 60(b)(1) requires in the default or default judgment context is consistent with the U.S. Supreme Court's clarification of the concept of "excusable neglect" in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S.

DEFENDANT PARTICLE MEDIA, INC.'S MOTION AND NOTICE OF MOTION TO SET ASIDE
ENTRY OF DEFAULT UNDER RULE 60

380, 395 (1993). An equitable consideration should be applied to determine whether a defendant's conduct is culpable, and such factors as "prejudice, the length of the delay and impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith" should be considered. *Pioneer Inv. Servs. Co.*, supra, 507 U.S. at 395; *see Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997) (holding that the *Pioneer Investment*'s "excusable neglect" standard applies to Rule 60(b)(1)); cf. *Bateman v. United States Postal Service*, 231 F.3d 1220 (9th Cir. 2000) (applying *Pioneer Investment* standard to a Rule 60(b)(1) motion where judgment was entered for missing a filing deadline).

If a defendant's conduct was not "culpable," then her failure to respond to a lawsuit is ordinarily "excusable," and in the interests of substantial justice the better course may well be to vacate the default judgment and decide the case on its merits. *See American Alliance Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2nd Cir. 1996).

"[A] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and intentionally failed to answer." *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988); *see also Meadows v. Dominican Republic*, 817 F.2d 517, 521 (9th Cir. 1987). In order for a failure to answer to be intentional, "the movant must have ***acted with bad faith***." *Yubran S. Mesle*, 615 F.3d 1085, 1092 (9th Cir. 2010).

Here, Defendant did not act with bad faith. Very early on, Defendant communicated to Plaintiff that it would defend this action. Defendant planned to file a Rule 12 motion to dismiss but was prevented from doing so by circumstances outside of its control: this case should have been reassigned from Magistrate Judge Tse to a District Judge immediately after Plaintiff declined magistrate jurisdiction. But this reassignment did not occur, even

9

though Defendant called the clerk's office and was told that the reassignment would begin "shortly." Liu Decl. ⁋ 24. Defendant was further prevented from filing its planned Rule 12 motion, because one day after the reassignment was completed, the clerk entered default against defendant. *Id.*, ⁋ 30.

To exacerbate the problem, the clerk's long overdue reassignment notices specifically required that no further motion be noticed before Magistrate Judge Tse and all further motions be noticed after a District Judge becomes assigned this case. Defendant followed the clerk's instructions and waited for a District Judge to be assigned to this case, but only to find that a default was entered against it immediately after the reassignment was completed, cutting off its option to file the planned Rule 12 motion. *Ibid*.

While it might be argued that Defendant should have simply filed an answer instead, which would have avoided all these difficulties caused by the unconventional case reassignment process encountered in this case. Defendant respectfully notes that the Ninth Circuit has made it clear that the culpability standard is an *equitable* one. Defendant should not be forced to give up such substantial rights as filing a Rule 12 motion (instead of acquiescing) in view of Plaintiff's generic, conclusory copyright violation allegations.

Defendant did not act with bad faith because its failure to respond did not allow it to "take advantage" of Plaintiff or "manipulate the legal process." *Yubran S. Mesle*, supra, 615 F.3d at 1093 (internal quotation marks omitted). "On the contrary, the only outcome that such a failure could have earned Defendant was what [it] received: an entry of default and a heightened possibility of default judgment in favor of Plaintiff." *Chrome Hearts, LLC v. Boutique Talulah*, Case No. 2:12-cv-00280-MMD-RJJ, 2012 U.S. Dist. LEXIS 140120, 2012 WL 4510692, at *3 (D. Nev. Sept. 28, 2012). Indeed, if the default is set aside, Defendant will promptly file an answer or a responsive pleading.

**DEFENDANT PARTICLE MEDIA, INC.'S MOTION AND NOTICE OF MOTION TO SET ASIDE ENTRY OF DEFAULT UNDER RULE 60**

In sum, Defendant did not act with bad faith, when it had to wait for the case reassignment to complete in order to properly notice its planned Rule 12 motion; the default should be set side and the case decided on its merit.

### 2. The default should be set aside because Plaintiff suffered no prejudice

"To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case." *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001), overruled on other grounds by *Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141 (2001). "[T]the delay must result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." *Id.* (internal citation and quotation marks omitted). In contrast, "merely being forced to litigate on the merits cannot be considered prejudicial…. For had there been no default, the plaintiff would of course have had to litigate the merits of the case[.]" *Id.* A plaintiff suffers no prejudice if the plaintiff is timely made aware of a defendant's attempt to defend the action. *See Callister v. Owen*, No. 1:16-cv-00474-CWD, 2017 U.S. Dist. LEXIS 62618 (D. Idaho Apr. 25, 2017).

Here, none of the *CI Grp. Life Ins. Plan* factors that could be deemed prejudicial to Plaintiff is present. The discovery has not begun; there is a single defendant in this case, and hence, no possibility of collusion; the parties have extensively exchanged their positions on this case and on settlement terms and in fact came very close to a settlement, and hence, no possibility of fraud. There is also no increased likelihood of loss of evidence; the parties have been quite clear about which single photo this case involves; how this photo was displayed on Defendant's website, and how promptly Defendant took it down after being notified by Plaintiff.

**DEFENDANT PARTICLE MEDIA, INC.'S MOTION AND NOTICE OF MOTION TO SET ASIDE ENTRY OF DEFAULT UNDER RULE 60**

Further, Defendant notified Plaintiff repeatedly that it would defend the action; but for the unexpected delay in the case reassignment process, Defendant would have noticed a Rule 12 motion or the like before this Court. Liu Decl. ¶¶ 15 and 18.

Plaintiff suffers no prejudice even though it recently filed a motion for default judgment. While Defendant does not in any way dimmish the work Plaintiff had put into his recent motion, Plaintiff's default judgement motion required only a handful of slight changes from the identical motion he filed in the 2GreenEnergy case. Further, Plaintiff filed this motion one day after the Christmas holiday without any meet and confer with Defendant—and in violations of Civil Local Rule 7-2 and this Court's Standing Order, paragraph 39; the prejudice, if any, Plaintiff might suffer from rushing this motion is arguably self-inflicted. In sum, all factors under *TCI Grp. Life Ins. Plan* compel the conclusion that Plaintiff suffered no prejudice, and the default should be set side.

### 3.    The default should be set aside because Defendant has a meritorious defense

The burden on a party seeking to vacate a default judgment is not extraordinarily heavy. *TCI Grp. Life Ins. Plan*, supra, 244 F.3d at 696 citing *In re Stone*, 588 F.2d 1316, 1319 n.2 (10th Cir. 1978) (explaining that the movant need only demonstrate facts or law showing the trial court that "a sufficient defense is assertible"). Factual allegations themselves were sufficient to constitute a meritorious defense, and the question whether the factual allegation was true would be the subject of the later litigation. *See Falk, supra,* 739 F.2d at 463.

More specifically, in applying the general terms of Rule 60(b) to default judgments, the Ninth Circuit has emphasized that such default judgments are "***appropriate only in extreme circumstances***; a case should, whenever possible, be decided on the merits."

12

*Falk*, supra, 739 F.2d at 463 (emphasis added). Put another way, "where there has been no merits decision, appropriate exercise of district court discretion under Rule 60(b) requires that the finality interest should give way fairly readily, to further the competing interest in reaching the merits of a dispute." *Id.* This is even more so for setting aside a default, because the standards for setting aside an entry of default "are *less rigorous* than those for setting aside default judgment." *Mendoza*, supra, 783 F.2d 941, 945-46.

Here, Defendant has meritorious defenses to both counts alleged in Plaintiff's complaint. As a threshold matter, given that Plaintiff's Complaint relies on generic, boilerplate languages similar, and in most places identical, to those Plaintiff and it counsels filed in their 937 other cases, Defendant has a meritorious failure-to-state-a-claim defense under *Twombly/Iqbal* against Plaintiff's entire complaint, in addition to other meritorious defenses explained below.

> **a)** **Defendant has a meritorious defense to Plaintiff's copyright infringement claims, because Plaintiff is not the copyright owner and thus lacks standing to sue**

A copyright has six statutorily created exclusive rights. 17 U.S.C. § 106; *Fahmy v. Jay-Z*, 908 F.3d 383, 394 (9th Cir. 2018). "Copyright owner" refers to the owner of any one of the exclusive rights comprised in a copyright. 17 U.S.C. § 101. To have standing to bring the infringement claim alleged in Plaintiff's Complaint, Plaintiff must prove that it is "[t]he legal or beneficial owner of an exclusive right under a copyright" that Defendant allegedly violated. 17 U.S.C. § 501(b).

Here, Plaintiff alleges that the single photo in question was registered as part of the copyright registration no. VA 1-80-902. *See* Complaint; Exhibit 1. Previously, Defendant asked Plaintiff's Georgia Counsel to produce at least some evidence that the single photo in question was part of this registration. Plaintiff's Georgia Counsel was unable to produce any

**DEFENDANT PARTICLE MEDIA, INC.'S MOTION AND NOTICE OF MOTION TO SET ASIDE ENTRY OF DEFAULT UNDER RULE 60**

evidence, but only asked Defendant to take his words for it. *See* Liu Decl.;**Exhibit G**. While Defendant does not question Plaintiff's Georgia Counsel professionalism, attorney assertions are not evidence and Plaintiff's inability to produce any evidence that the single photo in question was part of the copyright registration no. VA 1-80-902 is a complete defense to the Plaintiff's copyright infringement claims as stated in Count I.

Further, the Copyright Act also mandates various requirements for transferring copyright ownership. 17 U.S.C. § 204. "A transfer of copyright ownership, other than by operation of law, is not valid unless an instrument of conveyance, or a note or memorandum of the transfer, is in writing and signed by the owner of the rights conveyed or such owner's duly authorized agent." 17 U.S.C. § 204(a) .

Here, Plaintiff's copyright registration no. VA 1-80-902 lists an "organization" named "In Color" as having all the "[r]ights and [p]ermissions." *See* Complaint; Exhibit 1. Plaintiff Mr. Fisher started the "organization" named "In Color" (Complaint, 2:2). Thus, Plaintiff lacks standing to bring this copyright case against Defendant, because the "organization" named "In Color"—not Plaintiff Mr. Fisher—owns all the "[r]ights and [p]ermissions" of the copyright registration no. VA 1-80-902.  Plaintiff does not even allege that the "organization" named "In Color" had transferred the copyright ownership to Plaintiff, nor has Plaintiff produced any written instrument evidencing such a valid transfer as required by 17 U.S.C. § 204(a). In sum, Defendant has a meritorious defense to Plaintiff's copyright infringement claims as stated in Count I, because Plaintiff does not even own the copyright registration in question.

        **b)**      **Defendant has a meritorious defense to Plaintiff's removal of copyright management information claim**

17 U.S.C. § 1202, in relevant part, provides as follows:

**DEFENDANT PARTICLE MEDIA, INC.'S MOTION AND NOTICE OF MOTION TO SET ASIDE ENTRY OF DEFAULT UNDER RULE 6**0

(b) *Removal or Alteration of Copyright Management Information*.—No person shall, without the authority of the copyright owner or the law—

(1) ***intentionally*** remove or alter any copyright management information,

(2) distribute or import for distribution copyright management information ***knowing*** that the copyright management information has been removed or altered without authority of the copyright owner or the law, or

(3) distribute, import for distribution, or publicly perform works, copies of works, or phonorecords, ***knowing*** that copyright management information has been removed or altered without authority of the copyright owner or the law,

***knowing***, or, with respect to civil remedies under section 1203, having ***reasonable grounds to know***, that it will induce, enable, facilitate, or conceal an infringement of any right under this title.

Thus, Plaintiff's removal of copyright management information claim requires proof that Defendant (A) "intentionally" removed Plaintiff's copyright management information or (B) distributed the photo in question "knowing" that Plaintiff's copyright management information has been removed or altered without Plaintiff's authorization.

Defendant did not even know who Plaintiff was before this dispute and thus could not have "know[n]" that Plaintiff's copyright management information had been removed. Further, the Exhibit 2 attached to Plaintiff's Complaint shows that the photo in question appeared to have been resized for a more user-friendly display on Defendant's website, rather than for obscuring Plaintiff's claimed ownership. In sum, Defendant also has a meritorious defense to Plaintiff's intentional removal of copyright management information claim as stated in Count II.

### E.     CONCLUSION

For reasons explained above, Defendant Particle Media Inc. respectfully requests the Court set aside the clerk-entered default under Rule 60.

Dated:  December 31, 2021                                      Respectfully submitted,

By    _____/s/ Zheng "Andy" Liu_____
        Zheng "Andy" Liu (SBN 279327)

**DEFENDANT PARTICLE MEDIA, INC.'S MOTION AND NOTICE OF MOTION TO SET ASIDE ENTRY OF DEFAULT UNDER RULE 60**